IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JARVIS SIM WOLFE, # 41422                                                                PLAINTIFF

VERSUS                                                       CIVIL ACTION NO. 2:13cv40-KS-MTP

ALICIA BOX                                                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

BEFORE THE COURT is *pro se* Plaintiff Jarvis Sim Wolfe's Complaint [1]. He is incarcerated with the Mississippi Department of Corrections ("MDOC"). He brings this 42 U.S.C. § 1983 action for injunctive relief, claiming that he is being illegally confined. He asks the Court to reverse the Greene County Circuit Court's order affirming the denial of his administrative grievance and to order the State court to conduct a "judicial review hearing" and "full investigation" into his complaint. (Compl. at 5). As set forth below, this case is dismissed.

**BACKGROUND**

According to the Complaint, Wolfe is currently confined at South Mississippi Correctional Institution. He alleges that, at the end of his lawful sentence, MDOC will continue to illegally confine him for another ten years. It is not clear if the first sentence has already expired. He accuses MDOC officials of falsely asserting that he has a consecutive sentence to be served from Marshall County, Mississippi, for criminal case number 2012-045. He claims that he was never convicted nor indicted in that case.

Wolfe pursued this claim through the Administrative Remedy Program. Defendant Alicia Box denied his First and Second Step ARP, claiming he was "sentenced by Judge Robert Elliot to 10 years as a habitual offender under Section 99-19-81 of the Miss. Code of 1972. This

sentence is to run CS to cause # CR 2009-009." *Id.* at 4. Wolfe accuses her of "making a false statement" and denying him "a full investigation," because he says there is no such ten year sentence or conviction. *Id.*

Wolfe appealed the ARP denial to the Circuit Court of Greene County on December 3, 2012, raising the same claims he does here. The State court affirmed the decision on February 1, 2013. He then initiated this action on March 4. He claims the State court had no jurisdiction, because it never granted him pauper status, and he was still denied a full investigation. He asks this Court to:

> Reverse the decision of the Honorable Circuit Court of Green[e] County, Mississippi and recommend that a Judicial Review hearing will be granted on the ground that the Honorable Circuit Court didn't have a lawful Jurisdiction to affirm decision of ARP-12-1822 without first granting application for in forma pauperis. Please recommend a full investigation because I was not indicted or convicted under cause number 2012-045.

*Id.* at 5.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative

2

defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Wolfe to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

Wolfe proceeds under Section 1983, attacking a State court order, which affirms MDOC's calculation of his sentence. He does not seek speedier release. He seeks a reversal, a new State court hearing, and further investigation into his claim.

Wolfe essentially attacks the calculation of his sentence procedurally and substantively. A Section 1983 claim that challenges the fact or duration of a state sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). In such a case, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Heck* applies to a challenge over the computation or calculation of a sentence. *McGrew v. Tex. Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995). Where success on the Section 1983 claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82.

Wolfe challenges both MDOC's calculation of his sentence, and the State court's affirmation of that calculation, on procedural and substantive grounds. He claims the calculation

is wrong because he was never sentenced in case number 2012-045 and he was denied due process by both the ARP and reviewing State court. Success on his claims will necessarily invalidate his state sentence calculation. Therefore, the claims may only proceed if he proves the sentence calculation has already been invalidated. He admits that the calculation still stands, as he requests a judicial hearing on the matter. Therefore, it is clear that the sentence calculation has not yet been reversed or otherwise invalidated.

Because the sentence calculation has not yet been invalidated, Wolfe is precluded by *Heck* from challenging it in this Section 1983 civil action at this time. The claims are dismissed with prejudice for failure to state a claim, until such time as he successfully has the sentence calculation invalidated, via appeal, post conviction relief, habeas, or otherwise. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). This dismissal counts as a strike under 28 U.S.C. § 1915(g). *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITH PREJUDICE** for failure to state a claim until such time as the sentence calculation is invalidated. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 24th day of May, 2013.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE